Ch. J. Barry
delivered the opinion of the Court.*
IN this case, the plaintiff sued for a libel, the defendant justified, issue was joined on the plea of justification, atrial had and verdict for the defendant. Motion for a new trial, upon the ground that the verdict was contrary to the evidence, overruled, an exception taken to the opinion of the court, the evidence spread on the record, and the plaintiff now seeks to reverse the judgment of the circuit court, assigning for error the overruling of his motion for a new trial, upon which ground alone the reversal is plaimed. -
• Before we look into the evidence with a view to ascertain the propriety of the decision of the court below, it is necessary to settle a preliminary question made, as to the jurisdiction ofthis court.
We exercise appellate power, under such restrictions and regulations, not repugnant to the constituticm, as may, from to time, be prescribed bv law. Constitution of Ky. Art. 4, Sec. 2.
By the act of the last session re-or.ganizing the Court of Appeals, we are restrained from revising any opin-ton of an inferior court in granting or refusing a new trial, because the verdict is contrary to evidence. Ses. Acts 1324, 42, sec. 16. We are not left to infer this by'implication; but are expressly interdicted by the words of the act.
It has been contended, that this controlling power as to causes depending in the Court of Appeals at passage of this act, is retained by the 27th section; but iipon examination, it is found, that the provisions of this section only place suits of this description upon the same footing with those that originate with this court, leaving the restriction on our power, as imposed by the 16th section, in full force, '
If the words of the act touching this matter had been of doubtful pieaning, and the intention of the ture is to be sought by implication, the authorities relied on by the appellant’s counsel, might be regarded as applicable to settle the rule of construction; but this resort is unnecessary, where the intention of the Legis *86 lature is so dearly expressed. It is not for this court decide on the justice or policy of the law that curtails its jurisdiction; itis enough for us to know, that the Legislature had power, under the constitution, to pass it; and having ascertained the limits prescribed, we are not at liberty to transcend them.
Crittenden, for plaintiff; Sharp, for defendant.
Judgment affirmed with costs, &c.

 Absent, Judge Davidge.